Opper, J., dissenting: On the present Findings of Fact, this proceeding seems to me to be controlled by such cases as First National Bank of Skowhegan, 35 B. T. A. 876; Edward J. Miller, 37 B. T. A. 830; Scruggs-Vandervoort-Barney, Inc., 7 T. C. 779; Catholic News Publishing Co., 10 T. C. 73; L. Heller & Son, 12 T. C. 1109, none of which, needless to say, was previously thought to be in conflict with Welch v. Helvering, 290 U. S. 111. See also A. Harris & Co. v. Lucas, (C. A. 5) 48 F. 2d 187. Those cases could not successfully have distinguished the Welch case, as the present opinion intimates, solely on the ground that no capital asset was acquired. They had to — and did — also decide that under the circumstances there present the expenditure was made to “protect” and to “promote” the taxpayer’s business and hence was deductible as an ordinary and necessary expense. As to the capital asset question, nothing of that nature was thought to be acquired or increased by the expenditures there made. See Hochschild v. Commissioner, (C. A. 2) 161 F. 2d 817. This seems to me equally or more so here, petitioner having already acquired its customer, and there is no finding to the contrary. Welch v. Helvering, supra, warns that for present purpóses “what is ordinary * * * is * * * a variable affected by time and place a,nd circumstance.” In disregarding that injunction and treating the Welch opinion as an immutable doctrine of law, I think the present opinion errs. Van Fossan and Murdock, JJ., agree with this dissent.